UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| LINDIG CONSTRUCTION & TRUCKING INC., | § § § § § § § § § § § § | No. 7:15–CV–116–DAE |
| Plaintiff, | | |
| vs. | | |
| JOSEPH BONELLI and ROMEO BONELLI, | | |
| Defendants. | | |

ORDER (1) ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND (2) GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT

Before the Court is a Report and Recommendation by United States Magistrate Judge David Counts regarding a Motion for Entry of Default (Dkt. # 8) and a Motion for Leave to Amend Complaint (Dkt. # 9) filed by Plaintiff Lindig Construction & Trucking, Inc. ("Plaintiff").  Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing.  After reviewing the Motions, for the reasons that follow, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dk. # 8) and **DIRECTS** the Clerk to enter default in favor Plaintiff as to Defendant Romeo Bonelli.  The Court further **GRANTS** Plaintiff's Motion for Leave to Amend Complaint (Dkt. # 9).

BACKGROUND

This action arises out of a motor vehicle accident that occurred on or about May 31, 2014 at the intersection of FM 1788 and SH 176 in Andrews County, Texas.  (Dkt. # 1 at 1.)  On July 28, 2015, Plaintiff filed a Complaint seeking to recover for property damage against vehicle owner Joseph Bonelli ("Joseph") and driver Romeo Bonelli ("Romeo").  (Id.)  Plaintiff invoked this Court's diversity jurisdiction, stating that the amount in controversy exceeds $75,000.00 and "this is an action between citizens of different states."  (Id. at 3.)

At the time Plaintiff filed its Complaint, Joseph and Romeo were both residents of Kansas.  (Id. at 2.)  Romeo was served pursuant to § 17.062 of the Texas Civil Practice and Remedies Code, which allows substituted service on the Chairman of the Texas Transportation Commission for "a person who is a nonresident or an agent of a nonresident in any suit against the person or agent that grows out of a collision or an accident in which the person or his agent is involved while operating a motor vehicle in this state."  Tex. Civ. Prac. & Rem. Code § 17.062.

Plaintiff requested substituted service upon Joseph pursuant to the same statute.  (Dkt. # 1 at 2.)  However, Plaintiff seeks relief against Joseph under a theory of negligent entrustment (id. at 5) and has not pled that Joseph was the

2

person or agent of the person "operating a motor vehicle in this state," as required for substituted service under § 17.062.

On October 2, 2015, Plaintiff filed a Motion for Entry of Default as to both defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. # 7.) The Court referred the matter to United States Magistrate Judge David Counts, and on October 15, 2015, Judge Counts issued a Report and Recommendation recommending that this Court direct the Clerk to enter default as to Romeo, but deny the motion as to Joseph. (Dkt. # 8.) No party filed objections to the Report and Recommendation. However, on October 19, 2015, Plaintiff filed a Motion for Leave to File Amended Complaint. (Dkt. # 9.) Neither defendant filed a response.

## LEGAL STANDARD

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendation. Fed. R. Civ. P. 72(b)(2). The Court conducts a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Findings to which no specific objections are made do not

require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). In the instant case, because no party has objected to the Magistrate Judge's Report and Recommendation, the Court reviews the Magistrate Judge's Report and Recommendation for clear error.

## DISCUSSION

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Because a judgment entered without personal jurisdiction is void, a district court must ensure that it has the power to enter a valid default judgment before entering judgment. Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY, 242 F.3d 322, 324 (5th Cir. 2001). Consequently, "[w]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Id.

To establish a prima facie case of personal jurisdiction over a defendant in federal court, service of process upon the defendant must be effective under Rule 4(k)(1) of the Federal Rules of Civil Procedure. Under that rule, "[a]bsent a federal statute that provides for more expansive personal jurisdiction,

the personal jurisdiction of a federal district court is coterminous with that of a court of general jurisdiction in which the district court sits." Submersible Sys., Inc. v. Perferadora Cent., S.A. de C.V., 249 F.3d 413, 418 (5th Cir. 2001); Fed. R. Civ. P. 4(k)(1)(A). The Texas long-arm statute authorizes personal jurisdiction over nonresident defendants to the extent permissible under the federal due process clause. Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999) (citing Tex. Civ. Prac. & Rem. Code § 17.041).

Under Texas law, jurisdiction based on substituted service must affirmatively appear from the face of the record. McKanna v. Edgar, 388 S.W.2d 927, 930 (Tex. 1965). The pleadings must allege facts which, if true, make the defendant "amenable to process" by use of the long-arm statute. Capitol Brick, Inc. v. Fleming Mfg. Co, Inc., 722 S.W.3d 399, 401 (Tex. 1986). Furthermore, Plaintiff must allege facts to bring the action within the statute governing substituted service. McKanna, 388 S.W.2d at 930. A plaintiff must strictly comply with the statute authorizing substituted service, Smith v. Commercial Equip. Leasing Co., 678 S.W.2d 917, 918 (Tex. 1984), and failure to show strict compliance renders any attempted service invalid. Primate Constr. Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994).

As explained above, the substitute service statute Plaintiff attempts to invoke allows substituted service on the Chairman of the Texas Transportation

5

Commission for "a person who is a nonresident or an agent of a nonresident in any suit against the person or agent that grows out of a collision or an accident in which the person or his agent is involved while operating a motor vehicle in this state."  Tex. Civ. Prac. & Rem. Code § 17.062.  As the Magistrate Judge correctly noted, Plaintiff failed to plead that Joseph was operating the motor vehicle involved in the accident or that he was the agent of the vehicle's operator.  (Dkt. # 8 at 2, 4.)  Because Plaintiff failed to strictly comply with the statute, Plaintiff's service attempt was invalid and the Court has not yet established personal jurisdiction over Joseph.  The Clerk thus cannot enter default as to Joseph.

      After the Magistrate Judge filed his Report and Recommendation, Plaintiff filed a Motion for Leave to Amend Complaint to include facts which would bring its service on Joseph within § 17.062 of the Texas Civil Practice and Remedies Code.  (Dkt. # 9.)  Neither defendant filed a response by the deadline dictated by the Local Rules.  See W.D. Tex. Local. R. CV-7(e)(2).  Because no response was filed, the Local Rules permit the Court to grant the motion as unopposed.  Id.  Having reviewed the Motion, the Court further finds that it should be granted because doing so would not cause undue delay, the motion was not made in bad faith, the amendment would not result in prejudice to Joseph, and the amendment would not be futile.  See Rosenzweig v. Azurix Corp., 332 F.3d 854,

864 (5th Cir. 2003). The Court therefore **GRANTS** Plaintiff's Motion for Leave to Amend Complaint (Dkt. # 9).

## CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dk. # 8) and **DIRECTS** the Clerk to enter default in favor Plaintiff as to Defendant Romeo Bonelli. The Court further **GRANTS** Plaintiff's Motion for Leave to Amend Complaint (Dkt. # 9).

**IT IS SO ORDERED.**

**DATED:** Midland-Odessa, Texas, November 12, 2015.

_____
David Alan Ezra
Senior United States Distict Judge