UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| LINDIG CONSTRUCTION & TRUCKING, INC., | § § § | No. 7:15–CV–116–DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| JOSEPH BONELLI and ROMEO BONELLI, | § § § § | |
| Defendants. | § | |

ORDER: (1) ADOPTING IN PART THE REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE; AND
(2) GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT

Before the Court is a Report and Recommendation by United States Magistrate Judge David Counts (Dkt. # 21) regarding the Motion for Entry of Default Judgment filed by Plaintiff Lindig Construction & Trucking, Inc. ("Lindig") against Defendants Joseph Bonelli and Romeo Bonelli (collectively, "Defendants") (Dkt. # 20).  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After reviewing the motion, as well as the objection, the Court **ADOPTS IN PART** the Report and Recommendation of the Magistrate Judge and **GRANTS** Lindig's Motion for Entry of Default Judgment.  (Dk. # 20.)

1

BACKGROUND

This subrogation lawsuit arises from a motor vehicle accident that occurred on May 31, 2014, at the intersection of FM 1788 and SH 176 in Andrews County, Texas. ("Am. Compl.," Dkt. # 12 ¶ 2; Dkt. # 20 ¶ 1.) Sylvano Sanchez, a Lindig employee, was driving a company tractor-trailer through the intersection of FM 1788 and SH 176; Romeo Bonelli, driving a car entrusted to him by Joseph Bonelli, failed to stop at a stop sign and entered the intersection. (Id. ¶¶ 2, 8, 11.) Sanchez hit the left side of the Bonelli vehicle; upon impact, Sanchez lost control of the tractor-trailer, which struck another vehicle, became detached, and ultimately ended up in a field. (Id. ¶ 2, 9.) Romeo was cited by the Department of Public Safety for failure to yield in connection with the accident. (Id. ¶ 10.)

Defendants are citizens of Kansas. (Am. Compl. ¶¶ 4–5.) Lindig, a corporation which maintains its principal place of business in Texas, brought a diversity suit against Defendants in the Western District of Texas, utilizing this Court's long arm jurisdiction, and alleging causes of action for negligence and negligent entrustment.[1] (Id. ¶¶ 13–16.) Lindig seeks compensation for the value of the destroyed trailer and tractor, and costs for towing and debris cleanup, in excess of the $75,000 jurisdictional amount. (Id.)

---

[1] The Texas long arm statute extends personal jurisdiction over those who commit tortious acts in the state.

On November 12, 2015, the Clerk of Court entered default against Romeo Bonelli. (Dkts. ## 10, 11.) On January 21, 2016, the Clerk of Court entered default against Joseph Bonelli. (Dkt. # 19.) Neither Romeo nor Joseph has appeared or taken any action to defend against Lindig's allegations, and Lindig moved for entry of default judgment in the amount of $137,950; these costs include those for direct damages caused by the collision, costs of court, pre-judgment interest, and post-judgment interest. (Dkt. # 20 ¶¶ 4, 21, 26.)[2]

Lindig was insured by Certain Underwriters at Lloyd's, London, (the "Underwriters") subscribing to Policy Number B1180D140404; the Underwriters are the real parties in interest to the litigation, as they have already compensated Lindig for their losses. (Dkt. # 20 ¶ 1, 4.) The Underwriters assert their subrogation rights against Defendants by and through Lindig. (Id. ¶ 5.)

LEGAL STANDARD

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendation. Fed. R. Civ. P. 72(b)(2). The Court conducts a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C.

---

[2] Importantly, in paragraph 21, Lindig states that its damages are $135,950, rather than $137,950. (Dkt. # 20 ¶ 21.) It is this discrepancy which forms the basis of Judge Counts' recommendation to hold an evidentiary hearing, and Lindig's subsequent objection to the recommendation.

§ 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

The Magistrate recommended that default judgment should be entered against Defendants, but found that the Court should hold an evidentiary hearing as to the amount of damages due to discrepancies in Lindig's accounting. (Dkt. # 21.)

The Court twice attempted service of the Report and Recommendation on Defendants. On April 11, 2016, the Court served Defendants using certified mail, through the Chairman of the Texas Transportation Commission. (Dkts. ## 23–26.) On May 18, 2016, these mailings were returned as refused. (Dkts. ## 27, 28.) On July 22, 2016, the Court again served the Report and Recommendation on Defendants, this time using regular mail. (See Dkt. Entry 7/22/2016.) Again, the Report and Recommendation was returned to the Court. (Dkts. ## 29, 30.)

The Court accordingly deems that Defendants have raised no objections to the Report and Recommendation. Lindig filed an objection to the

Magistrate's recommendation that the Court hold an evidentiary hearing on the issue of damages; Lindig asserts that the numerical discrepancy identified by the Court is due to Lindig's own clerical error. (Dkt. # 22 ¶¶ 2–5.) Accordingly, the Court reviews the Magistrate Judge's Report and Recommendation for clear error, except as to the Magistrate's recommendation that the Court hold an evidentiary hearing, which the Court will review de novo.

I. Entry of Default Judgment

Federal Rule of Civil Procedure 55, which sets forth the rules for entry of default and default judgment, explains that the clerk of court must enter default against a party who has failed to plead or otherwise defend against the relief sought; after the entry of default, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(a) & (b)(2); New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996). The Magistrate Judge concluded that both Romeo and Joseph Bonelli were properly and timely served by substituted service pursuant to Section 17.062 of the Texas Civil Practice and Remedies Code, and that this Court has personal jurisdiction over both Defendants. (Dkt. # 21 at 2–4.) The Magistrate Judge also concluded that both Joseph and Romeo failed to timely appear or otherwise file a responsive pleading pursuant to Federal Rule of Civil Procedure Rule 12(a)(1)(A). (Id. at 3–4.) Accordingly, the Magistrate Judge

5

found that default was properly entered against Defendants by the Clerk of Court pursuant to Federal Rule 55(a).  (Id. at 4.)

Further, the Magistrate Judge found that Lindig sufficiently alleged that neither Defendant is a minor, is incompetent, or is serving in the military; thus, all requirements were satisfied to justify the entry of an order granting default judgment.  (Dkt. # 21 at 4.)  No party objected to these determinations.  Finding that the recommendation to enter default judgment as to Joseph and Romeo Bonelli is consistent with Federal Rule of Civil Procedure 55(b)(2) and not clearly erroneous or contrary to law, the Court **ADOPTS** the Magistrate Judge's recommendations as to the entry of default judgment (Dkt. # 21).

II. Assessment of Damages

The Magistrate Judge found that a hearing should be held to determine the amount of damages awarded pursuant to Rule 55(b)(2).  (Dkt. # 21 at 4.)  The Federal Rules state that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . conduct an accounting; [or] determine the amount of damages."  Fed. R. Civ. P. 55(b)(2)(A)–(B) (emphasis added). Where the amount of damages claimed is "one capable of mathematical calculation," the district court has "wide latitude" to determine that the amount of damages may be calculated without first holding a hearing.  James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993) (citing Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir.

1974)); see also Rovio Entm't, Ltd. v. GW Trading LLC, 5:13–cv–1079–XR, 2016 WL 4126657, at *2 (W.D. Tex. Aug. 2, 2016) ("A hearing is not necessary, however, if the court finds within its discretion that it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment."); Am. Heritage Life Ins. Co. v. Mitchell, 6:15–cv–95, 2016 WL 3883029, at *3 (E.D. Tex. May 24, 2016).

      Here, Lindig does not seek punitive damages, and, aside from a clerical error in the motion for default judgment, presents a very clear accounting of the losses arising out of the accident.[3]  (Dkt. # 20, Exs. 1–10.)  Mike Najafi, the CFO and National Transportation Manager of Synergy Adjusting Corporation, ("Synergy"), which adjusted the loss caused by the accident at issue on behalf of the Underwriters, submitted an affidavit verifying the amount of loss suffered by Lindig.  (Dkt. # 20-2 at 2–4.)  Lindig's accident-related losses included a 2012 Peterbilt 338 truck tractor, VIN 1XPWD9X2CD170734 valued at $94,000.00, and a 2014 Trial King Pneumatic aggregate hauler, VIN 1TKP04227EW014110, valued at $60,000.00.  (Dkts. ## 21-2 at 2–3; 21-8 at 2.)  Synergy sold the tractor to Manasseh Truck & Equipment, Inc., of Decatur, Texas, for a salvage value of

---

[3] As stated above, Lindig's Motion for Default Judgement states "Plaintiff asks the Court to enter a default judgment against both Defendants for (a) $135,950 in direct damages caused by the accident in question," whereas the remainder of Lindig's motion, as well as its accounting statements, indicate that it suffered direct losses of $137,950. (Compare Dkt. # 20 ¶ 21 with id ¶¶ 4, 26, 27; Dkt. # 22.)

$9,200.00. (Dkt. ## 21-2 at 3, 5; 21-8 at 3.) Synergy sold the trailer to REK, Inc./Heavy Salvage, of Pickens, SC, for a salvage value of $14,800.00. (Dkt. ## 21-2 at 3, 6; 21-8 at 3.) Lindig also incurred $7,950.00 in towing expenses and debris removal, which was charged by Powers Diesel Service. (Dkt. ## 20-3 at 4; 21-8 at 3.) Subtracting the salvage value of the tractor and trailer from their value at the time of loss, as well as the towing expenses and debris removal, Lindig's total losses are $137,950.00.

The Court finds that Lindig has provided adequate documentation of its losses to the Court, and that an evidentiary hearing is not necessary to clarify the record. The Court also finds that Lindig should be awarded costs, pursuant to Federal Rule of Civil Procedure 54(d); see Compland v. State Farm Ins. Co. et al., No. 15–10921, 2016 WL 4010441, at *4 (5th Cir. 2016) ("Rule 54(d)(a), however, allows a district court to award costs 'other than attorney's fees . . . to the prevailing party' unless a federal statute, the civil rules, or a court order provides otherwise."). The Court declines to award attorney's fees or interest in this matter.

Finally, the Court determines that Defendants should be held jointly and severally liable for the damages assessed. "[N]egligent entrustment liability is derivative in nature." Dau v. Garcia, 486 S.W.3d 618, 629 (Tex. App. 2016) (quoting Loom Craft Carpet Mills v. Gorrell, 823 S.W.2d 431, 432 (Tex. App. 1992)). As the only damages in this case arose from the car accident that took

place on May 31, 2014, it is appropriate to hold Joseph and Romeo Bonelli jointly and severally responsible for the damages.  Dau, 486 S.W.3d at 629–30.  Accordingly, it is the judgment of this Court that Joseph and Romeo Bonelli be held jointly and severally liable for the damages incurred by the Underwriters, by and through Lindig, in the amount of $137,950.00, as well as those costs of court assessed by the clerk.

## CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS IN PART** the Report and Recommendation of the Magistrate Judge (Dkt. # 21).  Lindig's Motion for Entry of Default Judgment is **GRANTED** (Dkt. # 20).

Insofar as the Report and Recommendation suggests holding a hearing on Lindig's damages, this portion of the recommendation is **VACATED**, as Lindig has presented a thorough accounting of its losses.  (Dkt. # 21).  Joseph and Romeo Bonelli are hereby **ORDERED** to pay the Underwriters, by and through Lindig, damages in the amount of $137,950.00, as well as those costs of court assessed by the clerk, and judgment shall be entered accordingly.

**IT IS SO ORDERED.**

**DATED:** Midland, Texas, August 19, 2016.

_____
David Alan Ezra
Senior United States Distict Judge